```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT


CHRISTOPHER LAWTON,               :
                                  :
    Plaintiff,                    :
                                  :
v.                                :    Civil No. 3:05-CV-795(RNC)
                                  :
UNITED PARCEL SERVICE, INC.       :
and AL SHEAHAN,                   :
                                  :
    Defendants.                   :
```

                            RULING AND ORDER

     This defamation case brought by a unionized employee against his employer and division manager was previously remanded to state court over the defendants' objection that the plaintiff's claims are preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).  See Lawton v. United Parcel Service, Inc., 338 F. Supp. 2d 347 (D. Conn. 2004).  That objection was unavailing because the parties' submissions revealed no material dispute about the meaning of any provision of the collective bargaining agreement governing the plaintiff's employment, and no other theory of § 301 preemption was presented.  On defendants' motion for reconsideration, the Court adhered to its ruling and stated that, "If on the remand it turns out that plaintiff's . . . claims do require resolution of a dispute concerning the meaning of the terms in the [CBA], defendant[s] can remove the case once that becomes clear."  Endorsement Ruling on Mot. for Recons. at 1, Lawton v. United Parcel Serv., Inc., No. 04-CV-

81(RNC) (D. Conn. Dec. 2, 2004).

The case has been removed again and is now before me on another motion to remand [Doc. #11].  Plaintiff contends that the case must be remanded because nothing has happened in the case to warrant a different ruling.  Defendants counter that in the plaintiff's post-remand deposition, he testified that his claims are based primarily on statements made during the termination process mandated by the CBA.  Defs.' Opp'n to Pl's Mot. To Remand at 5-7.  I agree with the plaintiff that this testimony, viewed in the context of the history of this case, does not provide a basis for removal.

The Court's prior rulings took account of defendants' concern that the statements at issue were made in connection with the discharge process.  That concern did not provide a sufficient basis for extinguishing the plaintiff's claims because, as the Court explained, the statements at issue have meaning independent of the CBA and their truth or falsity can be determined without interpreting any term of the CBA.  Lawton, 338 F. Supp. 2d at 351.  Defendants now emphasize that, to the extent the disputed statements were made pursuant to the termination process mandated by the CBA, they are preempted by § 301 because they are subject to a defense of privilege.  Here again, however, they have not shown that the issue of privilege entails a dispute about the meaning of a term in the CBA.  In the absence of such a dispute,

the claims are not preempted by § 301.  See id.

    Accordingly, the motion to remand is hereby granted.

    So ordered.

    Dated at Hartford, Connecticut this 1st day of March 2006.

                                          \s\

                                  Robert N. Chatigny
                          United States District Judge